UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**AMANDA MORALES ET AL**  :  **CASE NO.  2:21-CV-01952**

**VERSUS**  :  **JUDGE JAMES D. CAIN, JR.**

**ALLSTATE INSURANCE CO**  :  **MAGISTRATE JUDGE KAY**

**MEMORANDUM RULING**

Before the Court is "Allstate Insurance Company's ["Allstate"] Motion for Summary Judgment" (Doc. 10) wherein Allstate, a Write-Your-Own ("WYO") Program carrier participating in the United States Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended, 42 U.S.C. § 4001, *et seq.* appearing herein in its "fiduciary" 44 C.F.R. § 62.23(f) capacity as the "fiscal agent of the United States" 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998) moves to dismiss this matter pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**FACTUAL STATEMENT**

Allstate issued a Standard Flood Insurance Policy ("SFIP") to Plaintiffs during the relevant time period.[1] Allstate is signatory to the *Arrangement* promulgated by the Federal Emergency Management Agency ("FEMA") in its capacity as the agency charged by Congress with running the NFIP.[2] Allstate investigates, adjusts, settles, and defends all

---

[1] Defendant's exhibits A, C & D.
[2] Defendant's exhibits A & B.

claims or losses arising from the SFIPs issued under the *Arrangement*. Allstate pays all claim payments under the SFIPs and judgments rendered against it as a WYO flood carrier with federal funds.[3] All flood payments are binding upon the Federal Insurance Administration.

No part, provision or requirement of the SFIP may be waived, altered or amended by Allstate; only the Federal Insurance Administrator may issue such a waiver and it must be in writing.[4]

On August 27, 2020, Hurricane Laura caused significant wind damage to Plaintiff's property. The property flooded below the first elevated floor to a 109 inch level but did not enter the elevated structure.[5] As per Article III of the SFIP, coverage of items located below the first elevated floor of a Post-FIRM elevated building is restricted to a list of 17 items.[6]

Plaintiffs reported a claim for damages caused by the flooding that occurred on or about August 27, 2020, after which, Allstate assigned the flood loss to an independent adjuster pursuant to Articles VII(J)(7) of the SFIP.[7]

On September 20, 2020, Allstate issued a letter to Plaintiffs denying coverage for any items located below the lowest elevated floor of the Post-FIRM elevated building not included within the specifically listed categories of items identified in pertinent portions of the SFIP at Article III(A)(8).[8] On October 16, 2020, Allstate issued a letter to Plaintiffs

---

[3] Defendant's exhibits A & B.
[4] Defendant's exhibits A & C.
[5] Defendant's exhibits A & E.
[6] Defendant's exhibits A & C.
[7] *Id.*
[8] Defendant's exhibits A & F.

denying coverage of their landscaping, pool and pool equipment as those items are specifically excluded from coverage by the SFIP at SFIP Article IV(1)(6) & (14).[9]

The independent adjuster completed an estimate of what he deemed to be covered and payable damages caused by flood for the August 27, 2020 flood claim and prepared the appropriate proof of loss documents for Plaintiffs' signatures.[10] The independent adjuster also prepared a Building Valuation that provided the estimated Replacement Cost Value ("RCV") of Plaintiffs' structure to be $187,751.53 and Actual Cash Value ("ACV") at $160,205.41.[11]

During litigation, Allstate hired Keystone Expert Engineers to complete a second building valuation which estimated the RCV of Plaintiff's structure to be $218,251.15 and the ACV at $190,511.92.[12]

Allstate reviewed and verified the adjustment and recommendations of the independent adjuster in compliance with 44 C.F.R. § 62.23, and determined that the covered and payable amount of the claim pursuant to the terms of the Plaintiffs' SFIP was $15,619.79 for building damages and $0 for contents damage under Coverage B.[13]

On November 20, 2020, Allstate issued a letter to Plaintiffs to advise that their claim was being closed for their failure to respond to requests that they return the proof of loss forms sent to them for their claims.[14] In November of 2020, Plaintiffs demolished their

---

[9] Defendant's exhibits A, C & G.
[10] Defendant's exhibit A.
[11] Defendant's exhibits A & H.
[12] Defendant's exhibits A & I.
[13] Defendant's exhibit A.
[14] Defendant's exhibits A & J.

Post-FIRM elevated structure, but failed to notify Allstate.[15] On November 20, 2020, Allstate sent Plaintiffs a letter notifying them that their claim was being closed. The letter state that "[u]pon receipt of the requested documentation, we will reopen your claim."[16]

On December 2, 2020, Allstate received the signed proof of loss forms prepared for Plaintiffs by the independent adjuster.[17] Allstate issued payment totaling $15,619.79 for building damage under Coverage A.[18] Plaintiffs' counsel submitted a lump sum estimate of flood damages from Doucet Construction dated December 22, 2020, in the amount of $204,054.00.[19]

Article VII(J)(4) of Plaintiffs' SFIP required the insured to submit a proof of loss meeting the criteria set forth in the SFIP within 60 days of the Loss.[20]

Plaintiffs also made a claim with their homeowners insurance carried, United Property & Casualty Insurance Company ("UPC") to recover damages caused to their property for the August 27, 2020 loss. The UPC policy provided $212,000.00 for the dwelling, $4,240.00 for other structures, $106,000.00 for contents, and $21,200.00 for Loss of Use ("ALE").[21] UPC deemed the entire structure a total loss and valued the damages to the Dwelling at $266,387.26.[22] Plaintiffs were paid $213,905.10 for the dwelling; $4,278.10 for other structures including $38.10 in inflation guard; a net payment of

---

[15] Defendant's exhibits A & X, p. 55.
[16] Plaintiffs' exhibit B.
[17] Defendant's exhibits A & K.
[18] Defendant's exhibits A, L & X., p. 45.
[19] Defendant's exhibits A & M. Allstate disputes that the estimated damages totaled $204,054.00.
[20] Defendant's exhibits A & C.
[21] Defendant's exhibit O & X, p. 61.
[22] Plaintiffs' exhibit D.

$38,360.74 for contents ($24,634.44 in depreciation was deducted); and $9,670.67 for ALE.[23]

On April 1, 2021 and April 15, 2021, Allstate sent letters to Plaintiffs' counsel asking for additional supporting documentation of the claim and a copy of the wind estimate that served the basis of the payments issued by UPC.[24] Allstate must identify the building items paid to avoid duplicate payments for the same building items.[25]

On April 23, 2021, Allstate issued a letter to Plaintiffs' counsel requesting additional documentation of their claims and advising that the lump sum estimate issued by UPC for their payments lacked sufficient detail and thus was not in compliance with the SFIP proof of loss requirements.[26] Allstate explained the need for Plaintiffs to comply with the SFIP proof of loss requirements for a request for supplemental payment of flood benefits.[27] Plaintiffs did not provide the additional SFIP compliant proof of loss and/or Allstate's requested documentation.[28]

On April 1, 2021, Plaintiffs submitted a claim to Allstate for flood damage to the structure that was allegedly caused on October 9, 2020 by Hurricane Delta.[29] On May 4, 2021, Allstate denied the claim because Plaintiffs failed to file the flood claim timely in violation of SFIP Article VII(J)(1) and because the structure had been demolished in November 2020 without notice to Allstate, which prevented Allstate from being able to

---

[23] Defendant's exhibits A, P, Q & X., p. 61.
[24] Defendant's exhibits A, R & S.
[25] Defendant's exhibit A.
[26] Defendant's exhibit T.
[27] Defendant's exhibits A & T.
[28] Defendant's exhibit A.
[29] Defendant's exhibit A.

inspect and verify the Hurricane Delta flood claim in violation of SFIP Articles VII and K.[30] Plaintiffs did not submit a proof of loss for the Hurricane Delta claim.[31]

Plaintiffs have not submitted a timely and sufficient signed and sworn Proof of Loss for either the August 27, 2020 and/or the October 9, 2020 flood losses to support payment of any additional flood benefits under their SFIP as required by SFIP Art. VII(J)(4). FEMA has issued no written waivers for Plaintiffs' flood loss.[32]

Keystone Experts Engineers determined that flooding did not cause damage to Plaintiffs' Post-FIRM elevated structure because the flood water did not reach the interior of Plaintiff's dwelling.[33]

Plaintiffs have been paid the following:

| | | |
|---|---|---|
| Allstate | Hurricane Laura | $15,619.79 |
| UPC | Hurricane Laura | $213,905.10 |
| TOTAL | | $229,524.89[34] |

Keystone Expert Engineers determined that the highest RCV of Plaintiffs' structure to be $218,251.15.[35]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

[30] Defendant's exhibits A & U.
[31] Defendant's exhibit A.
[32] Defendant's exhibit A.
[33] Defendant's exhibits A, E & W.
[34] Defendant's exhibits A, L, P & X, pp. 45, 61.
[35] Defendant's exhibits A & I.

as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

Plaintiffs maintain that their Post-Firm structure was damaged as a result of floodwaters which occurred when Hurricanes Laura and Delta made landfall on August 27, 2020 and October 9, 2020, respectively. Allstate moves to dismiss the lawsuit on several grounds: (1) Plaintiffs failed to timely submit a proper Proof of Loss in support of their additional claim for flood damage from both Hurricane Laura and Hurricane Delta; (2) Plaintiffs failed to comply with all conditions precedent prior to filing this lawsuit; (3) Plaintiffs failed to give prompt notice of their flood damage for the Hurricane Delta claim: (4) Plaintiffs precluded Allstate from inspecting the structure for the Hurricane Delta claim, (5) Plaintiffs' claims are in excess of the value of their structure at the time of the loss; and (6) Plaintiffs' extra-contractual claims are preempted and barred by federal law.

*Proof of Loss for Hurricanes Laura and Delta*

Allstate argues that Plaintiffs failed to submit a Proof of loss attesting to a sum certain and providing sufficient documentation of the flood loss as mandated by Article VII(J)(4) of the SFIP within sixty (60) days of the loss and prior to filing suit. Article (J)(4) provides as follows:

> J. Requirements in Case of Loss.
>
> In case of a flood loss to insured property, you must:
>
> 4.    Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
> > a. The date and time of loss;
> > b. A brief explanation of how the loss happened;

    c. Your interest (for example, "owner") and the interest, if any of others in the damaged property;
    d. Details of any other insurance that may cover the loss;
    e. Changes in title or occupancy to the covered property during the term of the policy;
    f. Specifications of damaged building and detailed repair estimates;
    g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
    h. Details about who occupied any insured building at the time of loss and for what purpose; and
    i. The inventory of damaged personal property described in J.3. above.[36]

Allstate maintains that Plaintiffs failed to comply with the requirements of Article VII(J)(4) because they failed to submit a signed and sworn Proof of Loss within 60 days of the losses that included a "statement of the amount [Plaintiffs are] claiming under the policy," the "[s]pecifications of damaged buildings and detailed repair estimates," and "an inventory of damaged [personal] property showing the quantity, description, actual cash value and amount of loss" on or before October 26, 2020 for the Hurricane Laura August 27, 2020 loss and on or before December 8, 2020, for the Hurricane Delta October 9, 2020 loss.[37]

The Supreme Court in *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998) stated that:

> As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, we hold that an insured's failure to provide a complete, sworn Proof of Loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim.

---

[36] Defendant's exhibit C.
[37] *Id.*

The necessary terms and conditions present for U.S. Treasury benefits must be "strictly" construed and enforced. Even "substantial compliance" is insufficient. *Gowland*, 143 F.3d at 953.

Allstate has submitted summary judgment evidence that Plaintiffs failed to submit the requisite proof of loss within 60 days of the loss,[38] including Plaintiffs' admissions that they are not aware of signing and submitting any other proof of loss forms to support their claims for additional payment for Hurricane Laura or payment for Hurricane Delta.[39] Plaintiffs have not submitted any summary judgment evidence that it timely submitted the requisite proofs of loss in compliance with Article VII (J)(4) for either Hurricane Laura or Hurricane Delta. As such, the Court finds that Plaintiffs have not created a genuine issue of material fact for trial.

*Waiver*

Plaintiffs' only argument is that Allstate waived the requirement by its November 20, 2020 letter, which notified them that their claim [Hurricane Laura] was being closed, and that "[u]pon receipt of the requested documentation, we will reopen your claim."[40]

No provision of the SFIP shall be waived other than by the express written consent of the Federal Insurance Administrator. *See* 44 C.F.R. § 61.13(d).

Plaintiffs rely on the above-mentioned letter from Allstate and the payment of $15,619.79. Defendant remarks that the $15,619.79 payment was made pursuant to a signed Proof of Loss in that amount, but that no other Proof of Loss was submitted for any

---

[38] Plaintiffs submitted the signed proof of loss form on December 2, 2020, which is beyond the 60 day requirement.
[39] Defendant's exhibits X, Amanda Morales deposition, p. 45; Defendant Y, Brent Morales deposition, p. .8
[40] Plaintiffs' exhibit B.

additional amounts for the Hurricane Laura claim.[41] Plaintiffs submit as summary judgment evidence a partial document dated December 4, 2020,[42] which at first glance appears to be an approval of waiver for the 60 day Proof of Loss policy provision. However, as noted by Defendant who submits the complete document, this waiver granted by FEMA is limited in the amount of $15,619.79 for the August 27, 2020 flood due to Plaintiffs' untimely submission of the undisputed Proof of Loss. The limited waiver indicates that it waives "the amount of the loss and scope of the damages outlined in the request and does not waive the proof of loss or any other requirement of the Standard Flood Insurance Policy."[43] In other words, it does not waive the 60 day Proof of Loss requirement for any additional damages caused by Hurricane Laura.

The Court finds that there is no waiver of the 60 day Proof of Loss requirement because FEMA has not issued a written waiver for the Plaintiffs' flood loss for the amounts they are seeking for Hurricanes Laura and Delta. Furthermore, the December 2, 2020 Proof of Loss received by Allstate for the Hurricane Laura claim is not compliant with the SFIP proof of loss requirements, and even if it were, it was well beyond the 60 day requirement.

Plaintiffs were required to submit a requisite Proof of Loss on or before October 26, 2020 for the Hurricane Laura August 27, 2020 loss and on or before December 8, 2020, for the Hurricane Delta October 9, 2020 loss. Plaintiffs filed a claim on April 1, 2021 for alleged damage as a result of Hurricane Delta. Again, as noted by Defendant, this claim is

---

[41] See Docs. 10-3, ¶¶ 13-14, 10-13, 10-14.
[42] Doc. 12-1.
[43] Defendant's exhibit 1, Doc. 13-1, ¶¶ 2–3, Supplemental Declaration of Jeremy Mates; Defendant's exhibit 2, Doc. 13-2, Allstate Waiver Request.

untimely as required by SFIP Article VII(J)(1) and even if it were timely, Plaintiffs have not submitted any summary judgment evidence that they submitted a proof of loss claim for their Hurricane Delta claim. As such, Plaintiffs have failed to create a genuine issue of material fact.

## CONCLUSION

For the reasons set forth herein, the Court will grant Defendant's motion for summary judgment and dismiss with prejudice the instant lawsuit. Because the Court finds that Plaintiffs did not timely submit their requisite proof of loss and that FEMA did not waive said requirement, the Court need not address Allstate's other arguments for dismissal.

**THUS DONE AND SIGNED** in Chambers this 7th day of July, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**